UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| BRIAN SCOTT WITHAM, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:20-CV-277-TAV-DCP |
| | ) | 3:15-CR-177-TAV-DCP-2 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner has filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1].[1] The government filed a response in opposition [Doc. 6], and petitioner filed a reply [Doc. 9]. Based on the record before the Court, it plainly appears that petitioner is not entitled to relief; therefore, it is not necessary to hold an evidentiary hearing.[2] Accordingly, petitioner's motion [Doc. 1] will be **DENIED**.

**I.   Background**[3]

Petitioner and his codefendant committed various armed robberies and extortions in 2014 and 2015 [Doc. 216 ¶¶ 39–70]. The government charged petitioner with numerous

---

[1] Citations in this opinion refer to petitioner's civil case unless otherwise noted. *But see infra* note 3.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). Petitioners possess the ultimate burden to sustain their claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

[3] Citations in this Part refer to petitioner's criminal case unless otherwise noted.

offenses in various districts [*See id.* ¶¶ 1–29]. Ultimately, *inter alia*, petitioner pled guilty to the following crimes: (1) attempted bank extortion (Count One); (2) carjacking (Count Two); (3) bank extortion (Count Six); (4) carjacking (Count Seven); (5) attempted bank extortion (Count Eleven); (6) carjacking (Count Twelve); and (7) using, carrying, and brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count Thirteen) [Doc. 24 ¶ 1; Doc. 229 p. 2]. Importantly, in exchange for petitioner's plea, the government dismissed other counts against petitioner, including three additional § 924(c) charges based on petitioner's armed carjackings in Counts Two, Seven, and Twelve [Doc. 1 pp. 1–6; Doc. 24 ¶ 1].

The Court sentenced petitioner to 276 months as to Counts One, Six, and Eleven to be served concurrently with a sentence of 180 months as to Counts Two, Seven, and Twelve [Doc. 229 p. 3]. Additionally, as to petitioner's § 924(c) conviction in Count Thirteen, the Court sentenced petitioner to 84 months of imprisonment to run consecutively to all other sentences [*Id.*]. Thus, the Court imposed a total sentence of 360 months of imprisonment [*Id.*]. Petitioner appealed this sentence, but the Sixth Circuit enforced his knowing and voluntary appeal waiver in his plea agreement [Doc. 266]. The Court notes petitioner generally waived his right to collaterally attack his sentence, but he retained the right to appeal an above-mandatory-minimum sentence [Doc. 24 ¶ 15].

In this action, petitioner avers his § 924(c) conviction and sentence are unconstitutional in light of the Supreme Court's decision in *United States v. Davis*

[No. 3:20-CV-277 Doc. 1 p. 1]. 139 S. Ct. 2319 (2019).[4] Thus, petitioner requests that the Court vacate his § 924(c) conviction and resentence him on his remaining convictions [No. 3:20-CV-277 Doc. 1 p. 1].

**II.    Analysis**

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). The petitioner has the burden to prove he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). The petitioner "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Particularly, the petitioner must demonstrate a "'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

---

[4] In *Davis*, the Court held that the residual clause in § 924(c)(3)(B) is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

In the present case, the government argues: (1) petitioner waived his right to collaterally attack his sentence; (2) petitioner's claim is procedurally defaulted; and (3) petitioner's claim fails on the merits [Doc. 6]. The Court finds that petitioner's claim is procedurally defaulted; therefore, the Court declines to consider the other issues presented.

## A. Procedural Default

The government argues petitioner's claim is procedurally defaulted because petitioner did not preserve his claim [Doc. 6 pp. 7–9]. As to the actual innocence exception to procedural default, the government avers petitioner must not only show that he is actually innocent of the § 924(c) conviction in Count Thirteen but also that he is actually innocent of the other dismissed § 924(c) charges in counts Four, Nine, and Fourteen [*Id.* at 8–9]. Petitioner responds that he is not required to show he is actually innocent of the dismissed § 924(c) charges because those counts derived from different conduct than the challenged § 924(c) charge [Doc. 9 pp. 3–8]. Instead, petitioner argues he only must show he is actually innocent of the § 924(c) charge of conviction [*Id.* at 8]. Petitioner asserts he is innocent of that conviction in light of *Davis* [*Id.* at 3; *see also* Doc. 1].

"Where a [petitioner] has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the [petitioner] can first [show: (1)] 'cause' and actual 'prejudice'"; or (2) a miscarriage of justice will result if the Court does not consider the claim because the petitioner is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). Petitioner makes clear he relies

4

exclusively on the actual innocence gateway; thus, the sole issue is whether petitioner can prove his actual innocence [*See* Doc. 9 p. 3 ("Mr. Witham follows the second pathway: . . . he is actually innocent of the § 924(c) offense charged in Count Thirteen.")].

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (citation omitted). To establish actual innocence, the petitioner "'must show that it is more likely than not that no reasonable juror would have found' him 'guilty beyond a reasonable doubt.'" *Hodge v. United States*, Nos. 4:06-CV-52, 4:05-CR-27, 2008 WL 4980888, at *11 (E.D. Tenn. Nov. 24, 2008) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The Court notes that the actual innocence exception applies only in "exceptional cases." *House v. Bell*, 547 U.S. 518, 522 (2006).

In *Bousley v. United States*, the Supreme Court held that when a petitioner relies on actual innocence to excuse procedural default yet previously pled guilty to the challenged count in exchange the government's agreement to dismiss other, more serious charges, "petitioner's showing of actual innocence must also extend to [the dismissed] charges." 523 U.S. at 624. The same rule applies regarding equally serious dismissed charges. *See Shaw v. United States*, No. 3:20-CV-530, 2021 WL 83047, at *1 (M.D. Tenn. Jan. 11, 2021); *Johnson v. Brown*, No. 13-242-GFVT, 2016 WL 4261761, at *2, *2 n.1 (E.D. Ky. Aug. 12, 2016).

As noted, petitioner avers he need not show he is actually innocent as to the dismissed § 924(c) charges in Counts Four, Nine, and Fourteen because they derive from different conduct than the challenged § 924(c) charge, and petitioner relies primarily on

5

the Fourth Circuit opinion in *United States v. Adams* [Doc. 9 pp. 3–8 (citing 814 F.3d 178 (4th Cir. 2016))]. The Court finds this argument unpersuasive. Before discussing its reasoning, the Court recounts the *Bousley* and *Adams* decisions because a thorough understanding of those decisions is necessary.

Section 924(c) imposes criminal liability upon one who "uses or carries a firearm" "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). In *Bousley*, the petitioner pled guilty to "using" a firearm during a drug trafficking offense in violation of § 924(c). 523 U.S. at 616, 624. On habeas review, the petitioner argued that the Court's decision in *Bailey v. United States*, which redefined "use" under § 924(c), rendered his guilty plea involuntary. *Id.* at 617–18 (citing 516 U.S. 137, 144 (1995)). The primary issue in *Bousley* was whether the petitioner's claim was procedurally defaulted. *See id.* at 621–24. The Court held the petitioner's claim was defaulted because he did not challenge the validity of his plea on direct appeal. *Id.* at 621. Therefore, the Court turned to the exceptions to procedural default. *Id.* While the petitioner could not establish "cause" and "prejudice" to excuse his default, the Court noted that the district court failed to address the petitioner's actual innocence claim, and therefore, the Court remanded on that issue. *Id.* at 622–23.

But what is most important is the guidance that the *Bousley* Court gave regarding the showing the petitioner would need to make to establish actual innocence on remand. The Court first provided the general requirements for maintaining an actual innocence

6

claim. *See id.* at 623–24. And the Court added that "[i]n cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624. In the next paragraph, the Court addressed a particular argument of the government. Specifically, the government argued the petitioner needed to show not only that the petitioner was actually innocent of "using" a firearm but also that he was actually innocent of "carrying" a firearm. *Id.* The Court rejected this argument because the indictment only charged the petitioner with "using" firearms and there was no evidence the government did not charge the petitioner with "carrying" firearms in exchange for his plea. *Id.* Thus, the Court held that on remand, the petitioner would only need to demonstrate that he did not "use" a firearm. *Id.*

In *Adams*, the petitioner committed multiple armed robberies and pled guilty to three of eight charges against him, including a § 922(g) charge for being a felon in possession of a firearm. 814 F.3d at 180. In exchange for the petitioner's plea, the government dismissed five counts related to robberies based on conduct unrelated to the petitioner's § 922(g) charge. *Id.* As in this case, the government in *Adams* argued that under *Bousley*, the petitioner had to prove he was factually innocent not only of the § 922(g) charge but also the five dismissed counts. *Id.* at 183. The Fourth Circuit disagreed. *Id.* at 184–83.

The Fourth Circuit held *Bousley* requires courts to focus solely on whether the petitioner can prove he is actually innocent of the *conduct* underlying the challenged charge. *Id.* at 184. The *Adams* court explained, "[a]ll of the Supreme Court's analysis

7

[in *Bousley*] related to what Bousley had to show to prove actual innocence of his § 924(c) . . . conviction. In other words, the Court focused on *one instance of criminal conduct*: whether Bousley violated § 924(c) by *using*[ or] *carrying*[] . . . a firearm." *Id.* (emphasis added). From there, *Adams* concluded that *Bousley* requires petitioners to show they are actually innocent of charges dismissed pursuant to a plea agreement only when the dismissed charges derive from the same "underlying criminal conduct" as the challenged offense. *Id.*

The Court respectfully disagrees with *Adams* for several reasons. First, the Court disagrees with *Adams*'s reasoning. *Adams* asserts that the *Bousley* Court "focused on one instance of criminal conduct: whether Bousley violated § 924(c) by using [or] carrying[] . . . a firearm." *Id.* It is true that "using" and "carrying" a firearm require different conduct as a legal matter. But the Court in *Bousley* did not focus on the petitioner's factual conduct and certainly not on separate instances of conduct. Instead, the Court only focused on what *legal—not factual—*showing the petitioner would need to make on remand. *See Bousley*, 523 U.S. at 624. Indeed, there is no indication that separate instances of factual conduct were even before the Court. In other words, the *Bousley* Court had no occasion to consider more than one instance of conduct because the issue was what *legal* showing the petitioner would need to make regarding his (presumably) single course of conduct: (1) that he neither "carried" nor "used" a firearm; or (2) only that he did not "use" a firearm. *See id.*

8

Furthermore, in resolving that issue, the Court held the petitioner only needed to prove that he did not "use" a firearm. *Id.* The Court reasoned that the indictment only charged the petitioner with "using" a firearm, so whether he was innocent of "carrying" a firearm was not at issue, and there was no evidence the government chose not to charge the petitioner with "carrying" a firearm in exchange for his guilty plea. *Id.* This reasoning suggests that had the government removed the "carrying" basis for the § 924(c) charge from the indictment specifically in exchange for the petitioner's guilty plea, the petitioner *would* have needed to prove that he did not "carry" a firearm as well. Stated differently, *Bousley*'s guidance on remand suggests petitioners must not only prove actual innocence as to dismissed charges but also as to dismissed alternative bases for remaining charges. Thus, if anything, the *Bousley* rule seems to be *broader*—not narrower—than its plain language suggests.

Of course, the Court need not address the latter issue today because the only issue before the Court is regarding dismissed charges deriving from different conduct. But the point illustrates that *Bousley* did not create a conduct-centered test as *Adams* suggests. In sum, *Bousley* is distinguishable from this case because here, unlike in *Bousley*, the government affirmatively dismissed charges that clearly derived from conduct unrelated to the challenged charge. Such was not the case in *Bousley* as *Bousley* did not even suggest that any charge against the petitioner had been dismissed or that the charges against the petitioner derived from different conduct.

9

Second, *Adams* is a Fourth Circuit decision and as such does not bind this Court. Indeed, the Sixth Circuit and other courts have applied the *Bousley* rule in cases where dismissed counts derived from conduct unrelated to the challenged counts.[5] *See Peveler v. United States*, 269 F.3d 693, 696, 700–01 (6th Cir. 2001) (noting that the petitioner was required to demonstrate actual innocence regarding two previously-dismissed § 924(c) charges that were based on conduct in 1992 despite that the challenged § 924(c) charge derived from conduct in 1993); *Kimbrough v. United States*, No. 3:19-CV-1006, 2021 WL 809678, at *2, *6 (M.D. Tenn. Mar. 3, 2021) (applying procedural default where the instant charge was a § 924(c) charge and the petitioner did not attempt to show he was innocent of a dismissed factually distinct count that charged him with murdering a potential witness); *see also Lewis v. Peterson*, 329 F.3d 934, 935–37 (7th Cir. 2003) (applying procedural default where the petitioner did not demonstrate he was innocent of a dismissed § 924(c) charge that was "based on an incident that occurred before the incident that formed the basis of his guilty plea"); *Leacock v. Ryan*, No. CV-16-8168-PCT-JJT (DMF), 2016 WL 8255617, at *7 (D. Ariz. Nov. 16, 2016) (applying procedural default when the petitioner did not demonstrate actual innocence as to numerous dismissed charges that derived from conduct that occurred in years before the conduct giving rise to the challenged offense). To the extent petitioner avers the Court should ignore these cases and adopt the Fourth Circuit's approach, the Court finds it would not be appropriate to do so, especially

---

[5] Though, the Court acknowledges that the petitioners in these cases did not appear to present the precise argument before the Court today.

10

in light of the Sixth Circuit's *Peveler* decision and that the Fourth Circuit appears to be the only Circuit that follows its approach. Indeed, a Fourth Circuit district court recognized that the *Adams* decision "represents a significant reinterpretation of the *Bousley* rule." *Royer v. United States*, 324 F. Supp. 3d 719, 733 n.9 (E.D. Va. 2018).

Petitioner cites *Luster v. United States* for the proposition that Sixth Circuit precedent is in accord with *Adams*. In *Luster*, the petitioner pled guilty to, *inter alia*, a § 924(c) offense in Count Four of his indictment. *Luster v. United States*, 168 F.3d 913, 914 (6th Cir. 1999). In exchange, the government dismissed, *inter alia*, Count Three charging him with attempted possession of cocaine with intent to distribute. *Id.* On habeas review, the petitioner conceded his only avenue to avoid procedural default was to rely on actual innocence. *See id.* at 915. However, the Sixth Circuit found that the petitioner did not prove his actual innocence because there was "overwhelming evidence" of his culpability. *Id.* at 915–16. Here, petitioner specifically avers that the evidence to which the court in *Luster* referred was "likely" related to dismissed Count Three, and petitioner "assum[es]" that dismissed Count Three derived from the same conduct as challenged Count Four because it is "common practice" to charge § 924(c) counts immediately after the underlying substantive counts [Doc. 9 pp. 7–8].

The Court rejects this argument. First, petitioner's argument is based on admitted assumptions that the *Luster* court held that the petitioner failed to establish actual innocence as to dismissed Count Three and that the conduct underlying dismissed Count Three was

11

the same conduct as challenged Count Four. But nothing in the *Luster* opinion suggests these assumptions are correct. To the contrary, much of the "overwhelming evidence" of the petitioner's culpability in *Luster* clearly related to challenged Count Four as the court directly mentioned Count Four in its reasoning. *See Luster*, 168 F.3d at 915–16. Thus, it appears that the *Luster* court was considering actual innocence as to *challenged* Count Four, and therefore, the court may have not even been considering actual innocence as to a *dismissed* count. *See id.* Regardless, there is no indication the court directly addressed the question of whether *Bousley* applies where dismissed counts are not based on the same conduct as the challenged count.

Third, *Adams* is inconsistent with *Bousley*'s broad text. The language at issue in *Bousley* provides, "[i]n cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." 523 U.S. at 624. Nothing in this text indicates the rule only applies when the dismissed charges derive from the same conduct as the challenged offense. In fact, the Sixth Circuit has stated petitioners must demonstrate actual innocence "with regard to . . . *any* . . . 'more serious' counts dismissed during plea bargaining." *See Peveler*, 269 F.3d at 700. Accordingly, the Court deems it inappropriate to imply an exception to *Bousley*'s broad text.

Fourth, *Adams* is inconsistent with the policy of the *Bousley* rule. *Bousley* stands for the proposition that it is unfair to permit a petitioner to escape criminal liability

12

simply because the government dismissed other counts against him and the Supreme Court coincidentally later invalidated the remaining conviction. *See id.* at 701 ("*Bousley* . . . address[es] the unfairness of allowing a petitioner to raise a procedurally defaulted challenge to a sentence he bargained for, while escaping punishment for dismissed counts that he actually committed" (citation omitted)); *see also Lewis*, 329 F.3d at 936 ("[T]o allow the [petitioner] to use [a change in the law] to get off scot free would be to confer a windfall on him, as the government would not have dropped a good count in plea negotiations had it known that the remaining count was invalid . . . ."). This policy suggests a broader reading of *Bousley* is correct.

Finally, the Court notes this reading is consistent with Justice Scalia's understanding of the rule as reflected by his dissent in *Bousley*. Justice Scalia disapproved of the *Bousley* rule, but even he recognized that the rule would apply broadly. Indeed, Justice Scalia noted that expanding the actual innocence inquiry would "burden" district courts that have no record on dismissed charges. *Bousley*, 523 U.S. at 634 (Scalia, J., dissenting). Justice Scalia stated, "it is a bizarre waste of judicial resources to require mini-trials on charges made in dusty indictments . . . just to determine whether the [petitioner] can litigate a procedurally defaulted challenge to a guilty plea on a *different* offense." *Id.* (emphasis added).

For these reasons, the Court refuses to follow *Adams*. Instead, the Court finds that *Bousley* requires that petitioners show they are actually innocent of all charges dismissed

13

pursuant to a plea agreement, even where those charges derive from conduct unrelated to the challenged charge. Applying that rule here, regardless whether *Davis* renders petitioner actually innocent of Count Thirteen, petitioner has not shown he is actually innocent of his equally serious dismissed § 924(c) charges as required. The Court notes that petitioner had ample opportunity to do so in his motion and reply brief. Accordingly, petitioner's motion to set aside his sentence is **DENIED**.

### B. Other Arguments and Merits

Given that the Court finds that petitioner's claim is procedurally defaulted and that no exception to procedural default applies, the Court will not reach the arguments as to waiver or the merits. Any discussion on those issues would be in dictum. *See Vanwinkle v. United States*, 645 F.3d 365, 371–72 (6th Cir. 2011) (refusing to address the merits of a legal sufficiency challenge when the petitioner failed to demonstrate he was actually innocent of more serious charges).

### III. Conclusion

For the foregoing reasons, petitioner is not entitled to relief under 28 U.S.C. § 2255, so his motion to vacate, set aside, or correct his sentence [Doc. 1] will be **DENIED**. Therefore, this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover, because petitioner has not made a substantial showing of the

14

denial of a constitutional right and jurists of reason would not dispute the above conclusions, a certificate of appealability **SHALL NOT ISSUE**. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A separate order will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE